UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
:
UNITED STATES OF AMERICA                :    **SEALED INDICTMENT**
:
- v. -                                  :    24 Cr. ___
:
SAM GLOVER,                             :
:    **24 CRIM 370**
Defendant.                              :
:
:
------------------------------------- x

## COUNT ONE
### (Drug Adulteration and Misbranding Conspiracy)

The Grand Jury charges:

### Overview of the Conspiracy

1. At all times relevant to the Indictment, the Food and Drug Administration ("FDA") was responsible for promoting and protecting public health, including the health of animals. The FDA enforces the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq*. ("FDCA"), which, among other things, governs the manufacture and distribution of drugs, including prescription drugs, for humans and animals.

2. Pursuant to the FDCA and related regulations, a drug may be deemed "misbranded" or "adulterated" for several reasons, including if a drug requiring a prescription is administered without a valid prescription, that is, not in the usual course of a veterinarian's professional practice, or not administered pursuant to any prescription at all. Compounded medications require a valid prescription in order to be lawfully distributed in the United States.

3. From at least in or about 2015 through in or about 2021, SAM GLOVER, the defendant, served as the Vice-President of Sales at a drug compounding company called U.S.

Compounding, Inc. ("USC"), which was acquired in 2016 by a publicly traded pharmaceutical company Adamis Pharmaceuticals Corporation ("Adamis"). In his role at both USC and later Adamis, GLOVER participated in a conspiracy to distribute a particular adulterated and misbranded equine drug (the "Drug") across the United States to end-users pursuant to fabricated prescriptions generated in the name of a Kentucky-based veterinarian ("CC-1"), who was complicit in the scheme, in order to generate revenue.

4. SAM GLOVER, the defendant, and his co-conspirators caused payments to be made to CC-1 in return for utilizing CC-1's veterinary credentials in USC's recordkeeping software to make it falsely appear as if the drugs USC was compounding and shipping had been validly prescribed by CC-1. In or about 2016, shortly after Adamis acquired USC, GLOVER and his co-conspirators sought to conceal the kickbacks to CC-1 by designating CC-1 as a consultant for USC. The purpose of the sham agreement was not, however, for consulting services, but to conceal the kickbacks CC-1 was being paid as part of the false prescription scheme, by making those payments appear to reflect an hourly fee for consultations. In truth and in fact, CC-1 received a commission based on the volume of sales for invalidly prescribed doses of the Drug, and the payments issued by Adamis were compensation for the fraudulent use of CC-1's veterinary credentials in furtherance of the scheme. At various points following the acquisition of USC by Adamis, GLOVER and other co-conspirators discussed expanding the criminal scheme to include other veterinarians in order to illegally enhance USC's revenue.

## Statutory Allegations

5. From at least in or about 2015 through at least in or about 2021, in the Southern District of New York and elsewhere, SAM GLOVER, the defendant, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together

and with each other to commit offenses against the United States, to wit, violations of Title 21, United States Code, Sections 331(a) and 333(a)(2).

6. It was a part and an object of the conspiracy that SAM GLOVER, the defendant, together with others known and unknown, with the intent to defraud and mislead, would and did introduce and deliver for introduction, and would and did cause the introduction and delivery for introduction, into interstate commerce, adulterated and misbranded drugs, as defined by 21 U.S.C. §§ 351(a)(5), 352(a), 352(b), 352(f), 353(f), and 360b, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2).

## Overt Acts

7. In furtherance of the conspiracy and to effect the illegal object thereof, SAM GLOVER, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. On or about February 8, 2018, GLOVER exchanged text messages with another co-conspirator relating to making payments to CC-1 in exchange for the use of CC-1's veterinary license in furtherance of the fraudulent prescription scheme.

b. Between in or about April 2021 and in or about May 2021, as a result of the scheme orchestrated by GLOVER and his co-conspirators, USC fulfilled a drug order by mailing a prescription drug with no valid prescription to an address in New York, New York.

c. On or about October 13, 2020, GLOVER used an encrypted electronic messaging application to communicate with another co-conspirator regarding paying CC-1.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

8. As a result of committing the offense charged in Count One of this Indictment, SAM GLOVER, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461(c), any and all drugs that were adulterated and misbranded when introduced into and while in interstate commerce and while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 331(ll), 344, or 355 of this title, have been introduced into interstate commerce, including but not limited to a sum of money in United States currency representing the value of such property.

### Substitute Assets Provision

9. If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and

Title 28, United States Code Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_Damian Williams_
DAMIAN WILLIAMS
United States Attorney